No. 21-10806

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STATE OF TEXAS,
STATE OF MISSOURI,

Plaintiffs-Appellees,

v.

JOSEPH R. BIDEN, JR., in his official
capacity as President of the United States, *et al.*,

Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of Texas, Case No. 2:21-cv-00067-Z

## REPLY IN SUPPORT OF THE MOTION TO VACATE THE JUDGMENT BELOW AND REMAND FOR FURTHER PROCEEDINGS

BRIAN M. BOYNTON
    *Acting Assistant Attorney General*
WILLIAM C. PEACHEY
    *Director*
EREZ REUVENI
    *Assistant Director*
    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation,
    District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
BRIAN C. WARD
    *Senior Litigation Counsel*
JOSEPH A. DARROW
    *Trial Attorney*

Plaintiffs concede (Opp. 1-2) that the June 1 memorandum—the sole government action challenged in this lawsuit—no longer exists. And they do not dispute that the October 29 memoranda, which rescinded and superseded the June 1 memorandum, addresses the very issues the district court determined the government failed to consider when terminating the Migrant Protection Protocols (MPP) in the June 1 memorandum. The basis for the injunction thus no longer exists, and so it must be vacated in full. And as the Supreme Court recently explained in *Mayorkas v. Innovation Law Lab,* another case involving a nationwide injunction and MPP, vacatur of the district court's judgment and order granting an injunction is appropriate for another reason: so that the decision below does not spawn future legal consequences. *Mayorkas v. Innovation Law Lab*, No. 19-1212, --- S. Ct. ---, 2021 WL 2520313 (June 21, 2021); *accord Alvarez v. Smith,* 558 U.S. 87, 94 (2009) ("normal[]" practice is to "vacate the lower court judgment" and thereby "'clear[ ] the path for future relitigation of the issues'") (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)). That ordinary course makes eminent sense here. The district court's nationwide, permanent injunction—which effectively requires the Department of Homeland Security (DHS) to utilize MPP in perpetuity, given insufficient congressional funding to detain all noncitizens amenable to processing under 8 U.S.C. § 1225—should not be allowed to control future litigation about important questions of immigration law and whether the

1

government can ever choose to end MPP simply because this appeal became moot for reasons unrelated to the pending legal challenge to the June 1 memorandum.

Plaintiffs nevertheless contend that a different course is warranted because their case is not moot, and even if the case is moot, that mootness arose as a result of the government's own actions. Opp. 3-14. Both contentions are misplaced. The sole government action challenged in this case is the government's decision to terminate MPP in the June 1 memorandum. *See* ROA.3126 (disclaiming challenge to government actions beyond June 1 memorandum); Dkt. 48 (amended complaint), ¶¶ 95-141 (challenging the June 1 termination memorandum only). That document no longer exists. It has been superseded by new memoranda following remand from the district court and so "the issue of the validity of the old [memorandum] is moot." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam).

Nor are Plaintiffs correct that the government's decision to issue the October 29 memoranda precludes vacatur. Neither the Supreme Court nor this Court have ever adopted Plaintiffs' categorical rule, under which a party whose voluntary actions cause a case to become moot could never obtain vacatur. Instead, consistent with vacatur's status as an "equitable" determination, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), both the Supreme Court and this Court have applied a "flexible," case-specific approach, where vacatur is appropriate when the petitioning party acted for good-faith reasons external to the litigation rather than

2

"a desire to avoid review." *Alvarez*, 558 U.S. at 94, 97; *see Staley v. Harris Cty., Tex.,* 485 F.3d 305, 310 (5th Cir. 2007). Applying that approach here, the case for vacatur is clear: after the district court "vacated" the June 1 memorandum, it "remanded to DHS for further consideration." ROA.2970. DHS undertook that consideration and issued two memoranda spanning 43 single-spaced pages, concluding that it would be contrary to the interests of the United States to continue MPP in any form. In no way does equity demand that, as a consequence of the Secretary's determination about the Nation's immediate immigration-enforcement and foreign-relations needs, the decision and injunction below must be left in place as an obstacle to the future implementation of federal immigration law by DHS. Instead, the Court should vacate the judgment and injunction and clear the path for fresh consideration of the issues if and when they arise in the context of a live dispute.

1.     The case is moot. Controlling precedent has long held that a case challenging a government decision or action becomes moot when a new decision or action supersedes the prior action, for the simple reason that such an appeal has "'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *See, e.g.*, *Princeton Univ.*, 455 U.S. at 103 (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)); *Sierra Club v. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002) (appeal moot "where later

3

agency action supersede[s] the agency action under judicial review"); *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (similar); Mot. 9-11 (collecting cases). And because the case does not present a live controversy, the injunction must be vacated, as the harms Plaintiffs alleged the June 1 memorandum caused them can no longer be caused by the memorandum.

Plaintiffs contend otherwise, arguing that the October 29 memoranda have "not had any legal effect" because the district court vacated the June 1 memorandum and because the October 29 memoranda by their terms confirm the agency will continue to comply with the district court's injunction. Opp. 3-4. That is incorrect. Before the October 29 memoranda, if this Court had vacated the district court's injunction and judgment vacating the June 1 memo, then the June 1 memorandum would have resumed its effect. But now, because of the October 29 memoranda, the June 1 memorandum cannot take effect again even if the Court were to reverse the district court's judgment, as the October 29 memoranda rescinded and superseded all prior memoranda governing MPP. By eliminating "[t]he old set of rules, which are the subject of this lawsuit," *Nat'l Mining Ass'n v. United States DOI*, 251 F.3d 1007, 1011 (D.C. Cir 2001), the October 29 memoranda have "eliminat[ed] the issues upon which this case is based," *Wyoming*, 414 F.3d at 1212, such that any decision on Plaintiffs' claims would be advisory in nature. *See Princeton Univ.*, 455 U.S. at 103.

Nor does the mere fact that the Secretary recognized that the government is under an injunction to leave MPP in force until it is properly rescinded impact mootness. The Secretary simply acknowledged the authority of the federal judiciary and made clear that his action was in no way an attempt to circumvent the district court's order. His October 29 memoranda clarified that, while he has terminated MPP, he will continue to comply with the district court's order to keep using MPP unless and until that order is vacated. But that acknowledgment does not change the fact that the federal courts can no longer issue a decision concerning the June 1 memorandum that is anything but advisory.

The States' contention that the case is not moot because of the government's "failure to implement MPP," Opp. 4, is equally meritless. As explained (Mot. 16-19), the district court's APA reasoning rests in part on its conclusion that "DHS failed to consider or acknowledge the effect terminating MPP would have on its compliance with Section 1225." ROA.2959-60. But the October 29 memoranda address that issue, Termination Memorandum 2; Explanatory Memorandum 26-29, and that discussion impacts the district court's conclusions concerning section 1225 and the APA. Plaintiffs do not dispute this fundamental point, and because the APA and section 1225 claims are intertwined, the premises underlying the entire injunction have shifted, and vacatur of the injunction and a remand is warranted.

Nor are Plaintiffs correct that the October 29 memoranda do not directly implicate the section 1225 claim and the injunction the district court issued. Opp. 5-6. The October 29 memoranda address the district court's conclusion that DHS may not rely on "detention capacity" as a basis for case-by-case release under the parole statute, such that "[u]nder these particular circumstances … terminating MPP necessarily leads to the systemic violation of Section 1225 as aliens are released into the United States because Defendants are unable to detain them." ROA.2962. The memoranda address these issues and articulate the agency's view that it may release noncitizens case-by-case, including, where appropriate, because of limited resources, Termination Memorandum 2; Explanatory Memorandum 26-29, and so do not "repeat the same alleged [] error," *Union of Concerned Scientists v. Nuclear Regul. Comm'n*, 711 F.2d 370, 377 (D.C. Cir. 1983), the district court concluded justified enjoining the government to implement MPP until it "has sufficient detention capacity to detain all aliens subject [to section 1225] without releasing any aliens because of a lack of detention resources." ROA.2970.

At the least, the new memoranda construe ambiguous statutory and regulatory text that is entitled to deference—an analysis that can only occur in the context of a new challenge to the new memoranda, supported by a new administrative record, on remand in the district court, following vacatur of the injunction presently in place. Mot. 18-19. Plaintiffs complain that these arguments are new and "appear for the

first time" in the government's motion. Opp. 14-15. That is beside the point. The basis of the court's injunction and ruling on the section 1225 claim was that the June 1 memorandum and its supporting administrative record contained no discussion of these issues, including the agency's obligations under section 1225. But the October 29 memoranda address the issues, and address them in a way entitled to deference, an analysis that can only occur in the context of a claim challenging those memoranda. And even assuming "substantive defects" carry over from a prior agency decision to a new agency decision, that commonality does not defeat mootness because it is always "preferable as a general matter to review a set of claims in the context of an extant rather than a defunct rule." *Assn of Am. Physicians & Surgeons v. Sebelius*, 746 F.3d 468, 473 (D.C. Cir. 2014).

Plaintiffs' contention that the Secretary acted in bad faith by issuing the October 29 memoranda and that this defeats mootness is equally unavailing. Opp. 6-7. The government issued the October 29 memoranda following the district court's order, which remanded "to DHS for further reconsideration." ROA.2970. The government submitted notice to the Court on September 29, 2021 that DHS had announced its intention of ending MPP in the "coming weeks." Abeyance Motion at 1; *see* https://www.dhs.gov/news/2021/09/29/dhs-announces-intention-issue-new-memo-terminating-mpp. Plaintiffs' apparent contention that a case cannot be moot when a court orders a remand and the agency complies with the remand order would

defeat the purpose of a remand, and is not the law. *See, e.g.*, *Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007) (new agency action on remand moots appeal of challenge to prior agency action); *Wyoming v. U.S. Dept. of Agr.*, 414 F.3d 1207, 1213-1214 (10th Cir. 2005) (similar).

Plaintiffs nevertheless contend the government has not met the "heavy burden of showing that subsequent events made it absolutely clear that the allegedly wrongful behavior could not be reasonably expected to recur." Opp. 6. This confuses mootness with voluntary cessation. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009). Regardless, the October 29 memoranda address every issue the district court raised as a reason for finding the June 1 memorandum unlawful. There is thus no substantial likelihood that the government will reimplement a decision identical to the June 1 memorandum if the decision below is vacated as moot. *Cf. City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289 & n. 11 (1982) (case not moot, even though statute had been repealed, because City announced intention to reenact identical law it if the case was dismissed). And "[w]ithout evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing." *Sossamon*, 560 F.3d at 325.

Finally, Plaintiffs contend that the government's actions are capable of repetition yet evading review. Opp. 7. But this exception is narrow and applies only

in "exceptional situations," *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, (1983), when something inherent exists in the nature or structure of the governmental action that makes it necessarily of short duration and impossible to review before the government action in question lapses. *See, e.g.*, *Turner v. Rogers*, 564 U.S. 431, 439-440 (2011). The October 29 memoranda present no such circumstance. Plaintiffs may and almost certainly will challenge the October 29 memoranda on remand by amending their complaint or filing a new lawsuit, and there will be "ample opportunity for review at that time." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). The possibility that DHS may rescind the October 29 memoranda and replace them with something else before that litigation concludes is too speculative to defeat mootness. *See, e.g.*, *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) (collecting cases); *Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir. 1995).

2. Plaintiffs contend that even if the case is moot, vacatur is not appropriate because the government's unilateral actions—not "happenstance"—caused the mootness. Opp. 8-14. That was the same argument advanced by Plaintiffs in *Innovation Law Lab*, and one which the Court necessarily rejected in granting vacatur. *Innovation Law Lab*, 2021 WL 2520313; *see also accord* Order, *Biden v. Sierra Club*, No. 20-138 (July 2, 2021) (ordering vacatur despite same circumstance); Order, *Biden v. Sierra Club*, No. 20-685 (July 2, 2021) (same). As

explained, vacatur is appropriate where the government has sought review of a lower-court decision but intervening changes in federal law render further review of that decision moot. Mot. 12-19 (collecting cases). Vacatur may also be appropriate even where government action is the cause of mootness, as the Supreme Court's *Innovation Law Lab* decision makes clear. *Innovation Law Lab*, 2021 WL 2520313; *see Board of Regents of the University of Texas System v. New Left Education Project*, 414 U.S. 807 (1973) (per curiam). And vacatur may be necessary to ensure that governmental and other parties would not be "deterred" from taking "good faith" actions that would moot a case by "the prospect that," if they do so, "an erroneous district court decision may have untoward consequences in the unforeseen future." 13C Charles Alan Wright et al., *Federal Practice and Procedure* § 3533.10.1 (3d ed. 2016 & Supp. 2021).[1]

Plaintiffs' remaining contentions are meritless. They argue that the October 29 memoranda were not issued "independent of the pending lawsuit." Opp. 12. But that claim, again, requires "evidence," of which there is none, so the Court "assume[s] that formally announced changes to official governmental policy are not mere litigation posturing." *Sossamon*, 560 F.3d at 325. Here, the two memoranda are "the result of substantial deliberation on the part of the alleged wrongdoers,"

---

[1] Plaintiffs' contend that *Staley*, 485 F.3d at 307 forecloses vacatur. Opp. 9-10. That case did not involve a remand order directing the agency to reconsider its decision.

*Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1283 (11th Cir. 2004), following remand. Plaintiffs repeat the contention that issuing a new policy decision on remand somehow precludes vacatur. Opp. 12-14. But, again, the district court ordered the government to "further reconsider[]" the decision to terminate MPP, ROA.2970, and the agency responded by "issu[ing] a new rescission bolstered by new reasons." *Regents*, 140 S. Ct. at 1908.

3.      Finally, Plaintiffs have no response to, and so concede the government's alternative argument that, should the Court find full vacatur inappropriate, it should hold this appeal in abeyance with respect to the section 1225 claim, and remand the appeal with instructions that the district court vacate the portion of the decision below premised on the APA and reconsider that claim anew. Mot. 19-22.

October 29, 2021                     Respectfully submitted,

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*

BRIAN C. WARD
*Senior Litigation Counsel*

JOSEPH A. DARROW
*Trial Attorney*

/s/ Erez Reuveni

EREZ REUVENI
*Assistant Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: erez.r.reuveni@usdoj.gov

*Counsel for Appellants*

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2,596 words. This motion complies with the typeface and the type style requirements of Fed. R. App. P. 35(a)(5)-(6), and Fifth Cir. R. 32.1 because it has been prepared in a proportionally spaced typeface using Word 14-point Times New Roman typeface.

*/s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice

# CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, I electronically filed this motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice